

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00286-CV

## IN THE INTEREST OF P.J.B., A.B., AND I.B., CHILDREN

### From the County Court at Law No. 2
### Johnson County, Texas
### Trial Court No. D201100008

## MEMORANDUM OPINION

Christal B. appeals from the termination of her parental rights to her children, P.J.B., A.B., and I.B. TEX. FAM. CODE ANN. § 161.001 (West 2008). Christal complains that the trial court erred by not appointing counsel to her until approximately eight months into the proceedings and by not determining that the Indian Child Welfare Act is applicable to this case and applying its requirements. We abated this cause for the trial court to determine whether the Indian Child Welfare Act applies, and the trial court and the parties now agree that it does not. Because we find no error, we affirm the judgment of the trial court.

*Appointment of Counsel*

Christal complains that the trial court abused its discretion by failing to appoint counsel to her until approximately eight months after the removal of P.J.B. and A.B. Christal and Michael became involved with the Department of Family and Protective Services Family-Based Safety Services beginning in the summer of 2009.[1] P.J.B. and A.B. were voluntarily placed with the paternal grandmother in the summer of 2010. P.J.B. and A.B. were ultimately removed from the paternal grandmother in January of 2011 after an emergency hearing and the Department was named the temporary managing conservator of the children. At the time of the removal, Christal was pregnant with I.B.

The adversary hearing was conducted on January 21, 2011; however, Christal did not attend because of car trouble. In March of 2011, at a status hearing Christal informed the trial court that she wanted the children to remain in foster care until she and Michael were able to finish their services. The Department's permanency plan at that time was family reunification.

Christal participated in her required services and was demonstrating adequate progress. Christal did not attend the scheduled permanency hearing in July of 2011 because she had given birth to I.B. the same day as the hearing. However, at a family group conference an agreement was reached to leave P.J.B. and A.B. in foster care at

---

[1] Michael is the father of all three children and was married to Christal during the proceedings. Michael signed a voluntary relinquishment of parental rights and his parental rights were terminated. Michael did not appeal the termination and is not a party to this appeal.

that time. Christal and Michael were allowed to take I.B. home from the hospital because of their progress; however, I.B. was removed from the home in August of 2011 because of domestic violence and drug use.

On August 18, 2011, the Department changed its permanency plan to unrelated adoption and began actively seeking termination of Christal and Michael's parental rights. At the emergency hearing on the removal, which both parents attended, the trial court asked Christal and Michael about whether they had or needed an attorney to represent them. Both parents asked for an attorney to be appointed and the trial court allowed them to fill out a request after the emergency hearing. An adversary hearing was conducted on August 29, 2011, after which the trial court determined that Christal qualified for a court-appointed attorney and trial counsel was appointed that same day. The original dismissal deadline was January 9, 2012; however, upon motion by Christal's counsel, the trial court extended the dismissal deadline to July 6, 2012. The final hearing was conducted by the trial court on June 15, 2012, which was nearly ten months after the appointment of trial counsel.

Christal complains that the trial court violated her rights to due process by failing to appoint trial counsel for her until August of 2011. Due process under the Fourteenth Amendment protects individuals against arbitrary government acts regardless of the fairness of the procedures used to implement them. The United States Supreme Court held in *Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 31-32, 68 L. Ed.

2d 640, 652, 101 S. Ct. 2153 (1981) that the due process clause does not require appointment of counsel in every parental termination proceeding, and the decision whether due process calls for appointment of counsel is best left to the trial court, subject to appellate review. In our due process review, we look to the facts and circumstances of this case to determine whether the trial court's action was arbitrary and a violation of Christal's due process rights. *See Lassiter*, 452 U.S. at 32.

The appointment of an attorney for indigent parents in a termination case filed by a governmental entity is mandated by statute. Section 107.013(a)(1) of the Texas Family Code provides that "[i]n a suit filed by a governmental entity in which termination of the parent-child relationship is requested, the court shall appoint an attorney ad litem to represent the interests of . . . an indigent parent of the child who responds in opposition to the termination." TEX. FAM. CODE ANN. § 107.013(a)(1) (West Supp. 2011); *see also In re M.J.M.L.*, 31 S.W.3d 347, 354 (Tex. App.—San Antonio 2000, pet. denied). However, the timing of appointment of counsel to indigent parents appearing in opposition to termination is a matter within the trial court's discretion. *In re M.J.M.L.*, 31 S.W.3d at 354.

For the first eight months of the case, Christal was participating in services with the Department and expressed her desire to the trial court that the children remain in foster care as she worked toward the Department's goal of family reunification. It was not until August after the removal of I.B. and the Department's permanency goal

changed to termination that Christal's position became opposite to that of the Department. The trial court advised Christal of her right to apply for appointed counsel and appointed her counsel the same day of the adversary hearing in August of 2011.

Further, the trial court extended the dismissal date for the case by approximately six months at the request of her trial counsel. Christal's trial counsel then had over nine months to prepare for the final hearing, including conducting discovery. Christal does not allege that her trial counsel was unprepared or ineffective due to a lack of time to prepare, nor does she challenge the sufficiency of the evidence to sustain the termination of her rights. Christal has made no showing of harm in that any failure to appoint counsel earlier in the proceedings probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1). We do not find that the trial court's actions were arbitrary or otherwise constituted a due process violation. Nor do we find that the trial court abused its discretion by not appointing counsel earlier in the proceedings. We overrule issue one.

*Indian Child Welfare Act*

Christal complains in her second issue that the trial court erred by failing to require the Department to fully comply with the notice provisions of the Indian Child Welfare Act (ICWA). *See* 25 U.S.C.A. §§ 1901-1963 (2001). The Department agreed and asked this Court to abate this proceeding for the trial court to determine whether the ICWA applies. *In re J.J.C. and A.M.C.*, 302 S.W.3d 896, 902 (Tex. App.—Waco 2009).

This appeal was abated and the trial court has determined that the ICWA does not apply to the children. Appellate counsel for Christal also conceded to the trial court that the ICWA does not apply. Based on the record before us, we agree with the trial court. Because Christal's complaint was solely that the Department did not provide proper notice or respond to a tribe's request for further information, now that proper notice has been sent and the trial court has made its determination, we will overrule issue two.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed March 28, 2013
[CV06]